UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-24482-CIV-UNGARO

ROSALIND RUSS,

        Plaintiff,

v.

BERCHTOLD CORPORATION, et al.,

        Defendants.

## DEFENDANT BERCHTOLD CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO MOBILE MEDICAL INTERNATIONAL CORPORATION'S CROSSCLAIM & BERCHTOLD CORPORATION'S CROSSCLAIM AGAINST MOBILE MEDICAL INTERNATIONAL CORPORATION

Defendant, BERCHTOLD CORPORATION ("Berchtold"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, herein answers Co-Defendant Mobile Medical International Corporation's ("MMIC") Crossclaim and asserts Affirmative Defenses as follows:

### Answer

1. This is a Crossclaim in an action where the primary claim has alleged sufficient facts for the matter to be within the subject matter jurisdiction of this Court and this Crossclaim arises out of the same facts and circumstances as the underlying claim.

   **ANSWER:** Berchtold admits the allegations of Paragraph 1 of MMIC's Crossclaim to the extent that MMIC filed a Crossclaim, and that the parties are within the Court's subject matter jurisdiction, but denies the remaining allegations contained in Paragraph 1 of MMIC's Crossclaim and demands strict proof thereof at the time of trial.

2. Both parties, having been made parties to this action by the plaintiff, are subject to the personal jurisdiction of this Court.

MI-434328 v2

**ANSWER**:   Berchtold admits that both parties are subject to the personal jurisdiction of this Court based on the allegations made, but denies that it is liable to any party for any portion of the damages alleged in the pleadings of the various parties to this action.

3. Plaintiff, ROSALIND RUSS, has brought an action against Berchtold and Mobile Medical as a result of injuries she claims to have received when a surgical light manufactured by Berchtold and incorporated in a mobile surgical unit manufactured by Mobile Medical fell on her.

    **ANSWER**:   Berchtold admits that the Plaintiff initiated an action for damages and has named Berchtold as a party in her pleadings.  Berchtold denies, however, that it is liable for any of the damages sought by either the Plaintiff or MMIC.

4. The claims in that action include a claim for Product Liability against Mobile Medical, alleging that Mobile Medical is strictly liable for having put the mobile surgical unit into the stream of commerce and a claim alleging negligence in the inspection, installation and Maintenance of the subject light.

    **ANSWER**:   Berchtold admits the allegations of Paragraph 4 of MMIC's Crossclaim.

5. If there was a defect in the light resulting in the incident about which plaintiff has brought this lawsuit it is totally within the structure and design of the surgical lamp manufactured and supplied by Berchtold and incorporated without modification into the mobile surgical unit by Mobile Medical.

    **ANSWER**:   Berchtold denies the allegations contained in Paragraph 5 of MMIC's Crossclaim.

6. Mobile Medical realleges Paragraphs 1 through 5 as if fully set out herein.

    **ANSWER**:   Berchtold realleges and incorporates its responses to Paragraphs 1 through 5 above as fully set forth herein.

7. If Mobile Medical is found to be liable on a strict liability theory for having place the mobile surgical unit into the stream of commerce, then Mobile Medical's liability will be solely of a vicarious or technical nature.

**ANSWER**:   Berchtold denies the allegations contained in Paragraph 7 of MMIC's Crossclaim.

8. There exists a special relationship between Berchtold and Mobile Medical, because Berchtold sold and supplied to Mobile Medical the surgical lamp which was incorporated into the mobile surgical unit without modification by Mobile Medical.

**ANSWER**:   Berchtold denies the allegations contained in Paragraph 8 of MMIC's Crossclaim.

9. Any defect found to exist in the design, manufacture or assembly of the surgical lamp is solely due to the acts and or omissions of Berchtold and Mobile Medical is wholly without fault.

**ANSWER**:   Berchtold denies the allegations contained in Paragraph 9 of MMIC's Crossclaim.

10. Under these circumstances, Mobile Medical is entitled to indemnity from Berchtold for any amounts which Mobile Medical is ordered to pay the plaintiff, together with all costs, attorney fees and paralegal fees expended in the defense of the action brought by Plaintiff.

**ANSWER**:   Berchtold denies the allegations contained in Paragraph 10 of MMIC's Crossclaim.

In response to the unnumbered "Wherefore" paragraph following Paragraph 10, Berchtold denies that any action or inaction on its part has given rise to any liability to MMIC and therefore denies that MMIC is entitled to any of the relief requested.

11. Mobile Medical realleges Paragraphs 1 through 5 as if fully set out herein.

**ANSWER**:   Berchtold realleges and incorporates its responses to Paragraphs 1 through 5 above as fully set forth herein.

12. Should both Mobile Medical and be found negligent, they would be joint tortfeasors as defined in Section 768.31, Fla. Stat.[1]

**ANSWER:**   Berchtold denies that it was negligent or that it is a joint tortfeasor with MMIC.  Any damage sustained by the Plaintiff is the result of some act or omission by third parties, including without limitation, MMIC.

15.[2] Should Mobile Medical have to pay Plaintiff more than it's pro rata share of any common liability, Mobile Medical is entitled to contribution from Berchtold for any excess over the pro rata share of the common liability, pursuant to Section 768.31, Fla. Stat.

**ANSWER:**   Berchtold denies the allegations contained in Paragraph 15 of the Crossclaim.

In response to the unnumbered "Wherefore" paragraph following Paragraph 15, Berchtold denies that any action or inaction on its part has given rise to any liability to MMIC and therefore denies that MMIC is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

1. As a first and separate affirmative defense, Berchtold alleges that MMIC's Crossclaim fails to state a claim upon which relief may be granted under applicable law.

---

[1] MMIC's Crossclaim apparently omits words from Paragraph 12, as presumably it intended to allege that "Should both Mobile Medical and [Berchtold] be found negligent, they would be joint tortfeasors as defined in Section 768.31, Fla. Stat."  Berchtold answers this allegation as if it were complete.

[2] MMIC's Crossclaim apparently omits Paragraphs numbered 13 and 14, and skips to Paragraph 15. Berchtold's Answer accordingly does the same.

2. As a second and separate affirmative defense, Berchtold alleges that MMIC's claims against Berchtold are barred, in whole or in part, by virtue of the act or omissions of MMIC, which are an intervening cause and the direct and proximate cause of the actual damage sustained by the Plaintiff.  Specifically, Plaintiff's alleged injuries are the result of MMIC's failure to properly maintain, repair, or both, the surgical lamp at issue.  Such failure to maintain or repair the lamps constitutes an intervening cause that would supersede any design defect or manufacturing flaw, if any, in the surgical lamp.

3. As a third and separate affirmative defense, Berchtold alleges that MMIC's Crossclaim is barred, in whole or in part, by virtue of an intervening cause that supersedes any act or omission on the part of Berchtold.  Specifically, the subject surgical lamp was modified, altered, or otherwise tampered with in an unforeseeable manner after it left the possession and control of Berchtold.  As a result, the alleged injuries are the direct and proximate result of some act or omission by a third party.

4. As a fourth and separate affirmative defense, Berchtold alleges that if any damages are awarded to compensate MMIC for losses sustained, the Court must reduce the amount of any such award by the total of all amounts which have been paid for the benefit of MMIC or which are otherwise available to it from any collateral source.

5. As a fifth and separate affirmative defense, Berchtold alleges that the subject surgical lamp was manufactured using state of the art engineering, design, manufacturing procedures and materials when engineered, designed, and manufactured and thus Berchtold pleads the State of the Art defense pursuant to Florida Statute §768.1257.

6. As a sixth and separate affirmative defense, Berchtold alleges that the alleged injuries or damages sustained by Plaintiff are the result of intervening acts of persons or entities over

whom Berchtold had no control. Berchtold reserves the right to identify additional persons or entities as discovery may reveal.

7. As a seventh and separate affirmative defense, Berchtold alleges that the subject surgical lamp complied with applicable governmental codes, rules, regulations or standards and Berchtold is entitled to a rebuttable presumption that the subject surgical lamp is not defective pursuant to Florida Statute § 768.1256.

8. Berchtold reserves the right to plead any and all additional affirmative defenses that become known during discovery.

WHEREFORE, Defendant, Berchtold Corporation, respectfully demands this Court enter Judgment in favor of Berchtold Corporation, on all claims raised against it in the MMIC's Crossclaim and for any other further relief this Court may deem proper.

### BERCHTOLD CORPORATION'S CROSSCLAIM AGAINST MOBILE MEDICAL INTERNATIONAL CORPORATION

Defendant Berchtold Corporation ("Berchtold") brings this Crossclaim against Co-Defendant Mobile Medical International Corporation ("MMIC") as follows:

1. This is a Crossclaim in an action where the Plaintiff Rosalind Russ' primary claims have alleged sufficient facts for the matter to be within the subject matter jurisdiction of this Court and this Crossclaim arises out of the same facts and circumstances as the Plaintiff's underlying claims.

2. Both MMIC and Berchtold are subject to the personal jurisdiction of this Court.

3. Plaintiff has brought an action against Berchtold and MMIC as a result of alleged injuries that she claims to have received when the subject surgical lamp manufactured by Berchtold, sold to MMIC, and incorporated in a MMIC mobile surgical unit by MMIC, fell on her.

4. The claims in the underlying action include a Strict Liability claim against Berchtold and a Negligence claim against Berchtold.

5. Berchtold Corporation sold the subject surgical lamp to MMIC over nine years ago.

6. MMIC installed and maintained the subject surgical lamp in its mobile surgical unit.

7. MMIC removed and reinstalled the subject surgical lamp in the mobile surgical unit.

8. Any alleged injuries suffered by the Plaintiff as a result of the incident were due to the negligent installation, removal, reinstallation, and maintenance of the subject surgical lamp by MMIC.

## COUNT I – COMMON LAW INDEMNITY

9. Berchtold realleges Paragraphs 1 through 8 as if fully set out herein.

10. If Berchtold is found to be liable on a Strict Liability or Negligence theory of liability, then Berchtold's liability will be solely of a vicarious, constructive, derivative, or technical liability.

11. Berchtold and MMIC have a special relationship as MMIC purchased the subject surgical lamp from MMIC.

12. Any defect found in the subject surgical lamp is solely due to the acts and/or omissions of MMIC in installing, removing, reinstalling, and maintaining the subject surgical lamp.

13. Berchtold is wholly without fault.

14. Accordingly, Berchtold is entitled to indemnity from MMIC for any amounts which Berchtold is ordered to pay Plaintiff, together with all costs, attorney's fees, and/or paralegal fees

expended in the defense of this action by Plaintiff and in the defense of this Crossclaim brought by MMIC.

WHEREFORE, Berchtold demands judgment against MMIC in the full amount of any judgment entered against it and in favor of Rosalind Russ, all costs, attorney's fees, and paralegal fees incurred in the defense of this action, together with such other relief as this Court may deem appropriate.

### COUNT II - CONTRIBUTION

15. Berchtold realleges Paragraphs 1 through 8 as if fully set out herein.

16. Should both Berchtold and MMIC be found negligent, then they would be joint tortfeasors as defined in Florida Statute § 768.31.

17. Should Berchtold have to pay Plaintiff more than its pro rata share of any common liability, then Berchtold would be entitled to contribution from MMIC for any excess over the pro rata share of the common liability, pursuant to Florida Statute § 768.31.

WHEREFORE, Berchtold demands judgment against MMIC in the full amount of any judgment entered against it and in favor of Rosalind Russ, all costs, attorney's fees, and paralegal fees incurred in the defense of this action, in excess of its pro rata share of any common liability, together with such other relief as this Court may deem appropriate.

| | |
|---|---|
| Dated: Miami, Florida<br>May 22, 2013 | Respectfully submitted,<br><br>**K&L GATES LLP**<br>Southeast Financial Center<br>200 South Biscayne Boulevard, Suite 3900<br>Miami, Florida 33131<br>Telephone:  305.539.3300<br>Facsimile:  305.358.7095<br><br><br>By:  */s/ Kevin K. Ross*<br>     KEVIN K. ROSS<br>     Florida Bar No. 66214<br>     Vanessa P. Kuljis<br>     Florida Bar No. 86052<br>     kevin.ross@klgates.com<br>     Vanessa.kuljis@klgates.com<br><br>*Attorneys for Defendant Berchtold Corporation* |

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 22, 2013 I electronically filed the foregoing with the Clerk of the Court by using the CM/EF system which will send a notice of electronic filing to all counsel or parties of record on the attached service list.

 /s/ *Kevin K. Ross*
 Kevin K. Ross

## Service List

### CASE NO. 1:12-cv-24482-UNGARO

| | |
|---|---|
| Brett M. Rosen, Esq.<br>**GOLDBERG & ROSEN, P.A.**<br>Sabadell Financial Center<br>1111 Brickell Avenue, Suite 2180<br>Miami, FL 33131<br>Phone: 305-374-420<br>Fax:     305-374-8024<br>Email: pleadings@goldbergandrosen.com<br>Email: bmr@goldbergandrosen.com<br>Email: bmrsecy@goldbergandrosen.com<br>Email: brosen@goldbergandrosen.com<br>*Attorneys for Plaintiff* | Mark C. Burton, Esquire<br>**LAW OFFICE OF HUGH BEHAN**<br>Presidential Circle, Suite 705-S<br>4000 Hollywood Blvd.<br>Hollywood, Florida  33021<br>Phone: 954-989-8775, Ex. 489 (Burton);<br>Ext. 488 (Behan)<br>Fax: 954-967-6536<br>Email: mark.burton@zurichna.com<br>Email: hugh.behan@zurichna.com<br>*Attorney for Defendant Mobile Medical International Corporation* |
| Karin D. Wherry, Esquire<br>Office of the United States Attorney<br>99 N.E. Fourth Street<br>Miami, Florida 33132<br>Phone: 305-961-9016<br>Fax:     305-530-7139<br>Email:  karin.wherry@usdoj.gov<br>*Attorneys for United States of America* | |